**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

REHABCARE GROUP EAST, INC. d/b/a )
REHABCARE GROUP THERAPY )
SERVICES, INC., and PHARMACY )
CORPORATION OF AMERICA, AS )
ASSIGNEE OF PHARMERICA )
CORPORATION, )
           Plaintiffs, )
            )
    v. )    Case No. 14-0886-CV-W-FJG
            )
STRATFORD HEALTH CARE PROPERTIES, )
LLC, et al., )
           Defendants. )

## ORDER

Pending before the Court are (1) Defendants Blom and Willbanks' Motion to Dismiss Count IX for Breach of Fiduciary Duty for Failure to State a Claim (Doc. No. 42); and (2) Defendant Thad Batson's Motion to Dismiss Count X of Plaintiffs' Amended Complaint (Doc. No. 46). Both will be considered, below.

## I.    Background

Plaintiffs filed their Complaint on October 8, 2014 (Doc. No. 1). On April 29, 2015, the Court Granted plaintiffs' motion for leave to file an amended complaint, and plaintiffs filed their amended complaint (Doc. No. 24) on that same date. Plaintiffs previously obtained default judgments against Stratford Health Care Group, Inc., and in this lawsuit plaintiffs allege they have suffered damages due to defendants' scheme to defraud Stratford Health Care Group, Inc.'s creditors. See Doc. No. 24, ¶¶ 64 and 67. Defendants in this matter are (1) Stratford Mo/Kan Development Corporation ("Stratford Management"); (2) Stratford Health Care Properties, LLC ("Stratford Properties"); (3) Stratford Health Care Group, Inc. ("Stratford Operator"); (4) Fit for Life, Inc. ("Fit for

Life"); (5) Fitness for Life, L.C. ("Fitness for Life"); (6) Stratford Specialty Care, Inc. ("Seasons Care"); (7) Kenneth Blom ("Blom"); (8) Randall Willbanks ("Willbanks"); (9) Thad Batson ("Batson"); and (10) John Does 1-10. Plaintiff's causes of action against Defendants are as follows: Count I—Fraudulent Conveyance against Stratford Properties; Count II—Conspiracy to Engage in Fraudulent Conveyance against Blom, Willbanks, John Does 1-10, and Stratford Properties; Count III—Unjust Enrichment against Stratford Properties; Count IV—Fraudulent Conveyance against Stratford Properties; Count V – Conspiracy to Engage in Fraudulent Conveyance against Stratford Properties, Batson, Blom, Willbanks and John Does 1-10; Count VI—Unjust Enrichment against Stratford Properties; Count VII—Fraudulent Conveyance against Stratford Management; Count VIII—Fraudulent Conveyance against Seasons Care; Count IX—Breach of Fiduciary Duty against Blom and Willbanks; Count X—Aiding and Abetting Breach of Fiduciary Duty against Batson; Count XI—Piercing the Corporate Veil against Blom, Willbanks, Stratford Management, Stratford Properties, Fit for Life, Fitness for Life, and Seasons Care; and Count XII—Claim for Accounting against Stratford Operator.

As relevant to the pending motions, plaintiff RehabCare Group East, Inc. d/b/a RehabCare Group Therapy Services, Inc. ("RehabCare") is a Delaware corporation with its principal place of business in Louisville, Kentucky, and provides therapy services to residents of long term care and skilled nursing facilities. Plaintiff Pharmacy Corporation of America, as Assignee of Pharmerica Corporation ("PharMerica") is a California corporation with its principal place of business in Louisville, Kentucky, and provides pharmacy-related goods and services to residents of long term care and skilled nursing home facilities. Defendant Kenneth Blom is a citizen of Independence, Missouri, was a

2

shareholder of Stratford Management until December 31, 2011, and presently serves as president of each of the Stratford Entities as well as a board member of each corporation within the Stratford Entities. Randall Willbanks is a citizen of Leawood, Kansas, and is presently the sole shareholder of Stratford Management, serves as the secretary and treasurer of each of the entities within the Stratford Entities, and serves as a board member of each corporation within the Stratford Entities. Thad Batson is a resident of Bucyrus, Kansas, and at all times relevant to this complaint was licensed to practice law in the State of Missouri. Batson represented Stratford Operator and Stratford Properties in their sale and transfer of their operations.

As alleged in plaintiffs' Amended Complaint (Doc. No. 24), Stratford Operator, Stratford Properties, Fit for Life, Fitness for Life and Seasons Care (the "Stratford Subsidiaries"), are alter egos of Stratford Management and the ultimate owners, Blom and Willbanks.[1] Plaintiffs allege that the Stratford Entities are controlled by the same people, consisting of similar boards of directors and executive officers, including Blom and Willbanks. Plaintiffs allege that in order to protect their financial interests, Blom and Willbanks structured the Stratford Entities so that the Stratford Subsidiaries incurred the liabilities of the operation whereas the profits were passed to Stratford Management so as to keep assets away from the Stratford Subsidiaries' creditors. Doc. No. 24, ¶ 26.

Plaintiffs allege that they entered into contracts with Stratford Operator to provide therapy services (RehabCare) and pharmacy-related goods and services (PharMerica). Doc. No. 24, ¶¶ 29-30. Plaintiffs assert that Stratford Operator stopped paying monthly bills beginning in 2010. Doc. No. 24, ¶ 31. Plaintiffs then assert that Blom and Willbanks

---

[1] Plaintiffs collectively refer to the Stratford Subsidiaries and Stratford Management as the "Stratford Entities."

3

developed a scheme to keep Stratford Operator's assets outside the reach of creditors by conveying Stratford Operator's real property to a real estate holding company.  Doc. No. 24, ¶¶ 32-38.  Plaintiffs assert that in 2012, Blom and Willbanks developed an additional fraudulent scheme in which they sold Stratford Operator's operations of the facility to a third party for no consideration, leaving Stratford Operator without assets and judgment-proof.  Doc. No. 24, ¶¶ 43-58.  Plaintiffs further assert that from January 2012 to June 2013, Stratford Operator made transfers of large amounts of cash (approximately $4 million) from its bank accounts to those of Stratford Management, allegedly without any business purpose and instead as a plan to siphon off Stratford Operator's assets.  Doc. No. 24, ¶¶ 59-63.

In 2013, RehabCare filed a collections action in the Western District of Missouri (RehabCare Group East, Inc. v. Stratford Health Care Group, Inc., 4:13-cv-373-DW), and PharMerica filed a collections action against Stratford Operator in the Western District of Kentucky (Pharmacy Corporation of America, as assignee of PharMerica Corporation v. Stratford Healthcare Group, Inc. d/b/a Hidden Lake Care Center, 3:13-cv-704-JGH).  Doc. No. 24, ¶ 64.  Stratford Operator failed to answer or otherwise respond to these complaints, and both RehabCare and PharMerica have been awarded substantial default judgments. Doc. No. 24, ¶ 67. Plaintiffs allege that Stratford Operator is insolvent and unable to pay either judgment.  Doc. No. 24, ¶ 69.  Plaintiffs now seek to hold the Stratford Entities and various individuals (such as Blom, Willbanks, and Batson) liable for the judgments entered against Stratford Operator.

On May 27, 2015, defendants Blom and Willbanks filed a motion to dismiss Count IX of plaintiffs' amended complaint for breach of fiduciary duty, arguing that plaintiffs have failed to state a claim upon which relief may be granted.  Doc. No. 42.

4

Similarly, on June 10, 2015, defendant Batson filed a motion to dismiss Count X of plaintiffs' amended complaint, for aiding and abetting a breach of fiduciary duty, arguing that if Count IX is dismissed Count X must be dismissed as well.

## II. Standard

When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations in the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). A plaintiff need not provide specific facts in support of his allegations. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). But the plaintiff must include sufficient factual information to provide grounds on which the claim rests, and to raise a right to relief above a speculative level. Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This requires a plaintiff to plead more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do. Twombly, 550 U.S. at 555. A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. Id. at 562 (quoted case omitted). The standard simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556.

## III. Defendants' Motions to Dismiss (Doc. Nos. 42 and 46)

### A. Blom and Willbanks (Doc. No. 42)

Defendants Blom and Willbanks move to dismiss plaintiffs' claims for breach of fiduciary duty, as under Missouri law, officers and directors of a corporation typically do not owe a fiduciary duty to corporate creditors, such as plaintiffs. Additionally,

5

defendants Blom and Willbanks argue that plaintiffs do not have standing to pursue a claim against Blom and Willbanks without the presence of all creditors of Stratford Operator. As noted by defendants Blom and Willbanks, plaintiffs have pled that Blom and Willbanks owed a fiduciary duty to Stratford Operator's creditors, and breached that duty by causing Stratford Operator to make preferential transfers to only certain creditors, leaving no assets to pay others such as plaintiffs. Doc. No. 24, ¶¶ 156-164.

Under Missouri law, to state a claim for breach of fiduciary duty, a plaintiff must plead: (1) the existence of a fiduciary duty; (2) breach of that duty; (3) causation; and (4) damages. Hibbs v. Berger, 430 S.W.3d 296, 312-13 (Mo. App. 2014). Defendants indicate that in this instance, there is no fiduciary duty present. Generally, the mere existence of a contractual or business relationship between entities does not create a fiduciary duty. Icard Stored Value Solutions, L.L.C. v. West Suburban Bank, No. 4:07-CV-1539-CAS, 2008 WL 619236, at *3 (E.D. Mo. Mar. 3, 2008). However, a limited exception applies when it is established that a corporation is insolvent. Drummond Co. v. St. Louis Coke & Foundry Supply Co., 181 S.W.3d 99, 103 (Mo. App. 2006). Further, even in the event of insolvency, "Missouri has rejected the concept that corporate directors are fiduciaries for creditors . . . and has held that directors are not individually liable to creditors, absent statutory authority or an intentional or fraudulent act." Id. When a transfer has been made to defraud creditors, such transfer is governed by the "Uniform Fraudulent Transfer Act," Chapter 428 RSMo, and the remedy is to avoid the transfer. Id. Moreover, individual creditors of the corporation lack standing to sue for recovery based on the corporate director's trustee-like duty to all creditors; an individual creditor does "not have standing to sue for a full individual recovery of the outstanding

6

balance" owed. Stricker v. Union Planters Bank, N.A., 436 F.3d 875, 878 (8th Cir. 2006).

Defendants argue that they owed no direct fiduciary duty to corporate creditors such as plaintiffs. See Drummond Co., 181 S.W.3d at 103. Furthermore, plaintiffs have pled that Blom and Willbanks acted "intentionally or negligently," which defendants believe is insufficient without further facts suggesting an intent to defraud. See Amended Complaint, Doc. No. 24, at ¶ 162. Finally, defendants argue that even if plaintiffs could demonstrate fraudulent intent and that Stratford Operator was insolvent or approaching insolvency at the time it stopped paying plaintiffs' monthly invoices, under Missouri case law and Eighth Circuit law interpreting that case law, there is no cognizable claim by an individual creditor for a breach of a duty owed to all the creditors. Drummond Co., 181 S.W.3d at 103, Stricker, 436 F.3d at 878.

In response, plaintiffs detail the ways in which they believe they adequately pled Blom and Willbanks' intent to defraud and how Stratford Operator was insolvent or approaching insolvency at the time it was transferring assets for the alleged benefit of Blom and Willbanks. The Court finds, however, that even if it found that plaintiffs had adequately pled an intent to defraud and that Stratford Operator was insolvent at the time it was transferring assets, it remains bound by the Eighth Circuit's holding in Stricker, 436 F.3d at 878. In Stricker, the Eighth Circuit held that, under Missouri law, a creditor does not have individual standing to sue a corporate officer or director for breach of fiduciary duty. Id.

Plaintiffs argue that this Court should not follow the logic in Stricker because it was wrongly decided and in conflict with controlling Missouri law. Peterson v. U-Haul Co., 409 F.2d 1174, 1177 (8th Cir. 1969) (holding that "[i]n a diversity case neither this

7

Court nor the District Court makes any declarations of law" and "[f]ederal court decisions in diversity cases have no precedential value as state law"). The Court, however, notes that a panel decision by the Eighth Circuit on an issue of state law has a binding effect on subsequent panels and on the District Court, absent a subsequent state court decision or statutory amendment making the prior panel opinion incorrect. See AIG Centennial Ins. Co. v. Fraley-Landers, 450 F.3d 761, 767-68 (8th Cir. 2006); see also Washington v. Countrywide Home Loans, Inc., 747 F.3d 955, 958 (8th Cir. 2014). In this instance, the Court finds that it is bound by the Eighth Circuit's prior decision in Stricker, and no intervening state court decisions or statutory amendments have affected the precedential value of Stricker. Plaintiffs indicate that Stricker is contrary to prior Missouri law, Williams v. Jones, 23 Mo. App. 132, 147 (Mo. App. 1886), in which the court could "see no reason why a single judgment creditor should not be permitted to file a creditor's bill without having to ascertain who all the other creditors are, and secure their co-operation, or make them parties . . . ." Id. However, as noted by defendants, the above statement in Jones is dicta, and there is no indication that the Jones plaintiffs had sued on a breach of fiduciary duty theory. Therefore, the Court finds that plaintiffs do not have standing under Stricker to proceed on their individual claims for breach of fiduciary duty against defendants Blom and Willbanks, as pled in Count IX of the Amended Complaint.[2] Therefore, defendants' motion to dismiss (Doc. No. 42) will be **GRANTED**.

---

[2] Plaintiffs also argue that even if this Court follows the holding in Stricker, plaintiffs should be afforded the ability to proceed with their breach of fiduciary duty on a pro rata share of Stratford Operator's full assets, and should be allowed to take discovery to determine whether there are other creditors. See Doc. No. 48, p. 14. Plaintiffs have not filed a motion for leave to file an amended complaint, so the Court is unable to determine the merits of such a claim. If plaintiffs file a motion for leave to file an

B.  Batson (Doc. No. 46)

Defendant Thad Batson moves to dismiss the claims against him for aiding and abetting a breach of fiduciary duty.  Defendant Batson argues that, because plaintiffs cannot state a claim against Blom and Willbanks for breach of fiduciary duty, plaintiffs' claim against Batson for aiding and abetting a breach of fiduciary duty likewise fails. See Nickell v. Shanahan, 439 S.W.3d 223, 226 (Mo. 2014); Although plaintiffs argue that the claims against Batson for aiding and abetting Blom and Willbanks in their breach of fiduciary duties somehow could proceed even if the claims against Blom and Willbanks were dismissed, the Court finds that allowing claims to proceed against Batson and not Blom and Willbanks would be an anomaly.  As referenced in Nickell in an analogous situation, an aiding and abetting a breach of fiduciary duty claim should not proceed where the original claim for breach of fiduciary duty has already been dismissed.  Nickell, 349 S.W.3d at 226.

Accordingly, defendant Batson's motion to dismiss (Doc. No. 46) is **GRANTED,** and Count X of the Amended Complaint is **DISMISSED.**

IV.    **Conclusion**

Accordingly, for the foregoing reasons, Defendants' Motions to Dismiss (Doc. Nos. 42 and 46) are **GRANTED**.  Counts IX and X of the Amended Complaint are **DISMISSED.**

    **IT IS SO ORDERED**.

Date:   August 31, 2015                    **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                       Fernando J. Gaitan, Jr.
                                            United States District Judge

_____

amended complaint stating such a claim, the Court will consider those arguments at that time.

9