IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| REHABCARE GROUP EAST, INC. d/b/a REHABCARE GROUP THERAPY SERVICES, INC., *et al.*, | ) ) ) ) |
| Plaintiffs, | ) Case No: 4:14-cv-886-FJG ) |
| v. | ) ) |
| STRATFORD MO/KAN DEVELOPMENT CORPORATION, *et al.*, | ) ) ) |
| Defendants. | ) |

**ORDER**

Pending before the Court is Plaintiffs' Renewed Motion for Prejudgment Attachment, or in the Alternative, for a Preliminary Injunction (Doc. No. 62). In particular, plaintiffs seek entry of an order attaching all sums owed by non-party Hidden Lake Management, LLC under a note executed in favor of Stratford Properties Management.[1] In the alternative, plaintiff seeks an order enjoining dissipation of those funds.

In response to plaintiffs' renewed motion for prejudgment attachment or preliminary injunction, defendants indicate that the request for attachment should be denied because the note is encumbered by a valid lien held by Valley View State Bank, and Stratford Properties assigned, pledged, and granted the Note and payments thereunder to Valley View as collateral for a business loan. Defendants indicate that under the Fraudulent Transfer Act, a debtor's property cannot be fraudulently conveyed

---

[1] Stratford Properties Management, LLC is wholly owned by defendant Stratford MO/Kan Development Corporation.

"to the extent it is encumbered by a valid lien." R.S. Mo. § 428.009(d)(2)(a). Therefore, defendants argue that Valley View State Bank's valid lien precludes attachment as a matter of law. Furthermore, defendants argue that plaintiffs cannot establish irreparable harm in an inquiry on preliminary injunction because plaintiffs could never be entitled to recover the funds due to Valley View State Bank's prior perfected security interest in the same collateral. See Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981).

In reply suggestions to their motion, plaintiffs note that the Promissory Note, which was first produced by defendants in their response, shows that the final payment under the Note was due on August 31, 2015, approximately one week before defendants filed their suggestions in opposition. Plaintiffs suppose that the final payment, therefore, has already gone to Valley View Bank, and now it appears to be too late for plaintiffs to obtain relief. See reply, Doc. No. 66, pp. 1-2. Plaintiffs, however, argue that Valley View State Bank's security interest is unassailable under Missouri law only if it took such interest in "good faith and for reasonably equivalent value." R.S.Mo. § 428.044.1. If not, plaintiffs may be able to void the pledge, attach funds, and obtain a money judgment against the bank. See R.S.Mo. § 428.039. Therefore, plaintiffs request the Court stay their motion in order to allow plaintiffs to obtain discovery from Valley View State Bank and add it as a defendant to this action.

Instead of staying briefing on the pending motion, the Court finds the better course of action would be to **DENY** plaintiffs' motion (Doc. No. 66) **WITHOUT PREJUDICE** to reassertion at a later date. The Court notes that the deadline for amending the complaint and/or adding parties passed on April 7, 2015. See Amended

2

Case 4:14-cv-00886-FJG   Document 71   Filed 10/26/15   Page 2 of 3

Scheduling Order, Doc. No. 51, pp. 2-4. Therefore, if plaintiffs wish to add Valley View State Bank as a defendant, they must first obtain leave of Court to alter its Amended Scheduling Order.

**IT IS SO ORDERED.**

Date:  October 26, 2015　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　United States District Judge